BERTIN E. HENDRICKS, ADMINISTRATOR OF THE ESTATE OF
JERRY H. REIGEL, DECEASED, v. FREMONT, ELKHORN &
MISSOURI VALLEY RAILROAD COMPANY.

FILED JANUARY 8, 1903. No. 12,300.

Commissioner's opinion, Department No. 3.

Railroad: INJURY: TEAM: FRIGHT. A railroad company is not liable
for injuries caused by a team taking fright at the ordinary
operation of a train upon its road. *Chicago, B. & Q. R. Co. v.
Roberts,* 3 Nebr. [Unof.], 425.

ERROR from the district court for Saunders county. Action by administrator for death—by wrongful act—of his
intestate, brought under Lord Campbell's Act, *i. e.,* chapter 21 of Wheeler's Compiled Statutes. Tried below before
SORNBORGER, J. Court directed a verdict for defendant.
*Affirmed.*

*Samuel J. Tuttle* and *M. Newman,* for plaintiff in error.

*Benjamin T. White, James B. Sheean, Edwin E. Good*
and *Charles H. Slama, contra.*

DUFFIE, C.

Jerry H. Reigel was killed on the 17th of March, 1899,
by being thrown from the seat of his wagon in a runaway
caused by his team being frightened by the train of the
defendant in error. Hendricks, administrator of his estate,
brought this action to recover damages on account of his
death. After the plaintiff had introduced his evidence and
rested, the court gave a peremptory instruction to the jury
to return a verdict for the defendant. The plaintiff brings
the case to this court on error, claiming that said instruction was unwarranted.

The facts disclosed by the record are that on the day of
the accident the south-bound passenger train of the defendant in error, due at Wahoo about five o'clock P. M.,
did not arrive at the station until about six P. M.; that
about the time it pulled out from the station, going south,

Syllabus by court; catch-words by editor.

the deceased was driving across its tracks some 340 feet from the depot; that the team took fright at the train, and Reigel was thrown from his seat, causing his death.  Reigel was employed by the Standard Oil Company to distribute oil through Saunders county.  He usually returned home about five o'clock in the afternoon, and it was his custom to wait, before crossing the track of the defendant company, until the five o'clock train had left the station.  The evidence further tends to show that the station, and the train standing at the station, were obstructed from the view of a person approaching the crossing from the east until within some ten or twelve feet of the track.  The negligence charged against the company is that it did not ring the bell or sound the whistle of the engine, and that Reigel's view of the train being obstructed, he drove upon the track, and the approaching train frightened his team and caused it to run away, thus causing his death.

While there is no direct evidence in the record that the crossing at which the team became frightened was a public street or highway, it was spoken of as Ninth street, and, for the purposes of this case, we may assume that it was a public street.  The only question, then, that arises in the case is this: Assuming that it was negligence on the part of the company not to ring the bell or sound the whistle of its engine, was such negligence the proximate cause of the injury?  The death of Reigel was undoubtedly caused by his being thrown from the wagon, and this was caused by the running of his team.  We must also assume that the team would not run away unless frightened, but it is evident to anyone that a failure to ring the bell or sound the whistle was not a cause from which the team could be frightened.  The team undoubtedly took alarm at the movement and noise of the approaching train; but it has been held in many cases that a railway company is not liable for injuries caused by a horse being frightened by the ordinary noise of an approaching train near the highway on which such horse was being driven.  *Chicago, B. & Q. R. Co. v. Roberts*, 3 Nebr. [Unof.], 425, and authori-

ties cited. In *Walters v. Chicago, M. & St. P. R. Co.*, 104 Wis., 251, in which the facts were much the same as in the case at bar, the only difference being that the negligence charged was the neglect of the flagman stationed at the crossing to give a signal of the approach of a train, while here the negligence charged is that the coming of the train was not signaled by the bell or whistle, the court said: "The failure of the flagman at a street crossing to give warning of the approach of a train which stopped before reaching the street, would not render the company liable for injuries received by a traveler as the result of his team becoming frightened at the train."

In this case there is no pretext that the defendant's engine came in contact with the deceased's team or wagon. The evidence is conclusive that the distance between them was 200 feet or more, and that the accident occurred from the team taking fright at the ordinary operation of the train in the ordinary and usual manner. The authorities are uniform that a railroad company is not responsible for damages occasioned from such a cause.

We think that the order of the district court was right, and therefore recommend the affirmance of the judgment.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.